

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-24-2009

# USA v. Ronald Boatwright

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2132

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Ronald Boatwright" (2009). *2009 Decisions.* Paper 1700.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1700

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No.  08-2132
_____

UNITED STATES OF AMERICA


v.

RONALD IAN BOATWRIGHT

Ronald Boatwright,

Appellant


_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-03-cr-00361-001)
District Judge: Honorable William W. Caldwell
_____

Submitted Under Third Circuit LAR 34.1(a)
March 3, 2009

Before: SCIRICA, *Chief Judge*, SLOVITER and HARDIMAN, *Circuit Judges*.

(Filed: March 24, 2009)


_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Ronald Boatwright appeals the judgment of the District Court denying his request for a reduced sentence pursuant to 18 U.S.C. § 3582(c). We will affirm.

I.

Because we write exclusively for the parties, we recount only those facts essential to our decision.

In 2003 Boatwright pleaded guilty to possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Count I), and possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c) (Count II). The presentence report calculated Boatwright's total offense level for Count I to be 19 after deducting three points for acceptance of responsibility. When combined with a criminal history category of IV, Boatwright's imprisonment range under the then-mandatory United States Sentencing Guidelines was 46 to 57 months. On the firearm offense, Boatwright faced a statutory mandatory minimum of five years imprisonment, which had to be imposed consecutively to the drug count. *See* 18 U.S.C. § 924(c)(1)(A)(I). The District Court sentenced Boatwright to 84 months, which was comprised of 24 months for the drug offense (a 48% reduction from the bottom of the Guidelines range), plus 60 months for the gun offense.

A.

In March 2008, Boatwright filed a motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10, based on Amendment 706, which amended the Guidelines for crack cocaine offenses by retroactively ordering a two-level reduction in the offense level.[1]  As § 1B1.10 of the Guidelines states: a court "may reduce the defendant's term of imprisonment" when "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines manual listed in subsection (c) below."  Amendment 706 is listed in subsection (c); nevertheless, § 1B1.10(b)(2)(B) plainly states that "if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate." *Id.*

Boatwright argues that his original sentence was a Guidelines sentence because Judge Caldwell stated that he was using the Guidelines "as a measure," but noted that he was "going to vary that somewhat."  We disagree.

Contrary to Boatwright's argument, the language he cites shows that the District Court was not relying on the Guidelines in imposing the sentence.  Although *Booker* had

---

[1]Under 18 U.S.C. § 3582(c)(2), a defendant can seek the benefit of an amendment by a motion to modify his sentence.  The United States Sentencing Commission has authority to amend the guidelines, 28 U.S.C. § 994(o), and to provide that any amendment has retroactive effect.  § 994(u).

3

not been decided when Boatwright was sentenced, Judge Caldwell presciently anticipated the Supreme Court's decision in *Booker* and declined to impose a Guidelines sentence, correctly predicting that "the *Blakely* decision will be extended to the Federal Sentencing Guidelines." Dist. Ct. Op. at 7.[2] Additionally, Judge Caldwell noted that if he had been required to apply a Guidelines sentence, he would have imposed a sentence of 46 months for the drug offense, and 60 months for the firearm offense, for a total of 106 months imprisonment. Taken together, these statements demonstrate that the District Court did not adhere to the Guidelines in imposing its sentence. Thus, under § 1B1.10(b)(2)(B), a sentencing reduction would not be appropriate.

B.

Boatwright next argues that the District Court improperly interpreted § 1B1.10(b)(2) to deprive it of the power to further reduce Boatwright's non-Guidelines sentence. Boatwright argues that § 1B1.10(b)(2) is merely an advisory policy statement, and to hold otherwise would violate *Booker* and *United States v. Kimbrough*, 128 S. Ct. 558 (2007). Our review of the record leads us to the opposite conclusion. Judge Caldwell did not believe that § 1B1.10(b)(2) removed his discretion to reduce Boatwright's sentence, because he stated: "We decline to grant a further reduction." Dist.

---

[2]In *Blakely v. Washington*, 542 U.S. 296 (2004), which involved a state criminal statute, the Supreme Court held that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Id*. at 301.

Ct. Op. at 6. The District Court noted that § 1B1.10(b)(2)(B) "advises that if the original sentence was a non-guideline one . . . further reduction 'generally' is not appropriate." Again, the record shows that the District Court understood that § 1B1.10(b)(2) was advisory, and that it chose not to reduce further Boatwright's sentence.

For the foregoing reasons, we will affirm the judgment of the District Court.